United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHYAR ABBAS,<br>   Plaintiff,<br>  v.<br>ELAINE DUKE, et al.,<br>   Defendants. | Case No.17-cv-05668-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

  Defendants Elaine Duke, James McCament, Donald Neufeld, Christina Poulos, Carl Risch, and Mike Pompeo[1] move to dismiss Plaintiff Mehyar Abbas's complaint alleging abuse of discretion and deprivation of due process in the denial of his status adjustment application. Specifically, Abbas alleges that defendants (1) improperly denied his status adjustment application; (2) provided mistaken instructions regarding fee requirements; and (3) failed to answer his requests for clarification of the fee requirements.

  The Court GRANTS in part defendants' motion to dismiss for lack of subject matter jurisdiction. On the narrow due process issue relating to "mistaken instructions" the Court has jurisdiction; however, the Court finds that the complaint fails to state a plausible claim for relief as required by Fed. R. Civ. P. 8(a). Therefore, this action is DISMISSED in its

---

[1] The complaint names former U.S. Secretary of State, Rex W. Tillerson. The Court substitutes the current secretary of state, Mike Pompeo. *See Kentucky v. Graham*, 437 U.S. 159, 166 n.11 (1985) (noting "replacement of the named official will result in automatic substitution . . . of successor in office").

entirety, with prejudice.

## I. BACKGROUND

### A. Procedural History

Prior to filing his complaint, Mehyar Abbas filed an application to adjust immigration status on October 31, 2013. Dkt. No. 1(a) at 37. Abbas's application was denied. Dkt. No. 1(a) at 33. Abbas filed a motion to reconsider the denial which U.S. Citizenship and Immigration Services (USCIS) denied. Dkt. No. 1(a) at 63.

Abbas filed a complaint and petition for a writ of mandamus on September 29, 2017. Dkt. No. 1. Both parties consented to proceedings before a magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. Nos. 4, 21. Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. No. 22.

### B. Parties

Plaintiff Mehyar Abbas is a citizen of Syria who came to the United States in July 2010, on a Fulbright Scholarship to study at the American University Washington College of Law. Dkt. No. 1 at 2. Abbas graduated in December 2011 then returned to the United States in February 2013, pursuant to a waiver granted because of ongoing civil war in Syria. *Id*. On June 28, 2013, Abbas applied for Temporary Protected Status (TPS) for Syrians. *Id*. His application was granted and Abbas has maintained legal residency under TPS in the United States ever since. *Id*.

Defendant Elaine Duke is being sued in her official capacity as Acting Secretary of the Department of Homeland Security. *Id.* at 3. Defendants James McCament and Tracy Renaud are being sued in their official capacities as Acting Director and Deputy Director, respectively, of USCIS. *Id*. Defendant Donald Neufeld is being sued in his official capacity as Associate Director at the Service Center Operations Directorate. *Id*. Defendant Christina Poulos is being sued in her official capacity as Director of the USCIS California Service Center. *Id*. Defendant Mike Pompeo is being sued in his official capacity as U.S. Secretary of State. *Id*. Defendant Carl Risch is being sued in his official capacity as Assistant Secretary for the Bureau of Consular Affairs. *Id*.

**C. Factual History**

On May 1, 2013, Abbas was selected for the 2014 Diversity Immigrant Visa Program (DIVP). Dkt. No. 1 at 4. The DIVP reserves a number of visa opportunities, and distributes, by lottery, the opportunity to apply for them to persons from countries with historically low immigration rates. Dkt. No. 1-3 at 2. Based on his selection, Abbas filed for status adjustment. Dkt. No. 1-3 at 37. The instructions for fee payment confused Abbas; he paid $1070 to USCIS but was uncertain of an obligation to pay an additional $330 fee to the U.S. Department of State. Dkt. No. 1 at 4–5. Abbas notes specifically the initial DIVP program instructions said, "pay all required fees directly to USCIS," while a follow up "request for evidence" from USCIS said that a $330 fee should be paid to the U.S. Department of State. Dkt. No. 1-3 at 12, 26. Due to the perceived contradiction, Abbas sent four letters and placed one phone call to USCIS requesting clarification. Dkt. No. 1 at 5–7. USCIS did not respond to his requests for clarification. Dkt. No. 1 at 7. Abbas never paid the $330 fee and, therefore, USCIS denied his application for status adjustment on October 1, 2014. Dkt. No. 1-3 at 33–34. Abbas appealed the denial, which the USCIS denied on May 11, 2016. Dkt. No. 1-3 at 44–57; Dkt. No. 22-2 at 33–35.

**D. Abbas's Complaint**

Abbas alleges that (1) denial of his status adjustment application was improper specifically because (2) defendants violated his procedural due process rights when they provided unclear instructions for paying the required fees and (3) failed to answer his several requests for clarification which caused his application to be incomplete. Dkt. No. 1 at 9; Dkt. No. 27 at 8–9.

Abbas seeks six forms of relief from this Court: (1) declare defendants erred in failing to respond to his requests for clarification; (2) declare that defendants erred in providing unclear instructions regarding the required fees for the status adjustment application; (3) compel defendants to substitute his 2014 DIVP selection for a 2019 DIVP selection; (4) compel defendants to apply his priority application date (October 31, 2013) to the 2019 DIVP application; (5) compel defendants to grant his status adjustment

Case No. 17-cv-05668-NC       3

"provided he continues to meet all requirements to adjust status"; and (6) award him reasonable costs under the Equal Access to Justice Act. Dkt. No. 1 at 11–12.

Abbas alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because his claim presents a federal question; he argues that the following federal statutes give rise to his causes of action here: the Administrative Procedure Act (APA; 5 U.S.C. § 701); the Mandamus Act (28 U.S.C. §1361); the Declaratory Judgment Act (28 U.S.C. §2201); and 8 U.S.C. § 1252(a)(2)(D). Dkt. No. 1 at 2. Defendants move to dismiss Abbas's claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. No. 22 at 1. The Court also considers the Fed R. Civ. P. 12(b)(6) facial plausibility standard for a portion of Abbas's claim.

## II. LEGAL STANDARD

A district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). To attain jurisdiction, at a minimum, the claim must state a "case or controversy." *Baker v. Carr*, 369 U.S. 186, 198 (1962). Additionally, the party invoking federal question jurisdiction "bears the burden of establishing jurisdiction exists 'for each claim he seeks to press' and 'for each form of relief sought.'" *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

Fed. R. Civ. P. 8(a) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Defendants allege that Abbas's claims lack subject matter jurisdiction because (1) they are moot because the Court cannot award the relief Abbas seeks; (2) the Court may not review the discretionary acts of the USCIS; and (3) Abbas's due process claims lack merit.

First, the Court analyzes Abbas's constitutional standing to bring his claims. Next, the Court evaluates subject matter jurisdiction based on Abbas's statutory claims. Finally, the Court evaluates Abbas's constitutional cause of action under the due process clause and 42 U.S.C. § 1983. The Court finds that it lacks subject matter jurisdiction to hear Abbas's statutory claims but has jurisdiction to hear Abbas's due process claim relating to the contradictory fee-filing instructions. Nevertheless, the Court finds that Abbas fails to state a facially plausible due process claim.

### A. Abbas Has Article III Standing.

Defendants first argue that Abbas's claims are moot because the Court cannot provide him the relief he requests. The Court finds it more appropriate to analyze defendants' argument as one challenging constitutional standing, particularly the issue of redressability, instead of mootness. The Court concludes that Abbas has Article III standing and his failure to allege a plausible remedy is not grounds for dismissal on jurisdictional grounds.

Article III grants the Court jurisdiction to hear only "cases and controversies" arising under the laws of the United States." U.S. Const. art. III. The essential requirement of a "case or controversy" is standing—requiring: (1) an injury that is concrete and particularized (injury), (2) that is traceable to the challenged action of the defendant (causation), and (3) is likely to be redressed by a favorable decision (redressability.) *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 180–81 (2000). A claim does not lack redressability merely because it fails to allege a plausible remedy; it is well settled that the failure to state a cause of action on which relief may be granted must be decided after the Court has assumed jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. *Id.*

On the issue of injury and causation: Abbas alleges that he was deprived of an opportunity to apply for a visa based on his status as a 2014 DIVP lottery winner. As

Case No. 17-cv-05668-NC     5

1 alleged, the Court finds that this is a sufficiently concrete and particularized injury to
2 establish standing. *See Brown v. Holder*, 763 F.3d 1141, 1147-48 (9th Cir. 2014) (holding
3 that the right to apply for citizenship is a valid property right). Abbas alleges that
4 defendants deprived him of that opportunity by: providing contradictory instructions and
5 failing to respond to his requests for clarification. As alleged, the Court finds that the
6 actions of the defendant are sufficiently traceable to the injury to establish standing. *See
7 Id.*

On the issue of redressability: Abbas requests that the Court require defendants to transfer his status as a 2014 DIVP lottery winner over to the 2019 DIVP and grant him the opportunity to apply that he was denied. Abbas additionally requests declaratory judgement affirming his legal right to clarified instructions. The Court finds that, at the very least, declaratory relief is possible and thus Abbas's injury is redressable. Therefore, Abbas has Article III standing.

**B. The Court Lacks Jurisdiction Over Abbas's Statutory Claims.**

Defendants' second argument is that the Court is stripped of jurisdiction to review the discretionary decisions of the USCIS by 8 U.S.C. § 1252 (a)(2)(B). The Court agrees with defendants and dismisses Abbas's APA claims for lack of subject matter jurisdiction.

Under the APA, a person is "entitled to judicial review" of agency action if it has caused them to suffer a legal wrong. 5 U.S.C. § 702. However, judicial review of a USCIS discretionary determination, including denial of a status adjustment application, is "expressly precluded" by 8 U.S.C. § 1252(a)(2)(B). *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010). A general statute cannot confer jurisdiction when a more specific statute explicitly denies it. *Vinieratos v. United States*, 939 F.2d 762, 774 (9th Cir. 1991) (referencing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Abbas asks the Court to determine that his denial of status adjustment was improper, but the Court clearly lacks jurisdiction to review this decision of the USCIS under the APA. Additionally, the Court may not review the instructions provided by the USCIS, nor its decision, or indecision, to respond to Abbas's requests for clarification

Case No. 17-cv-05668-NC  6

because those actions are bound up in the status adjustment decision. Abbas presses the Court to make an equitable exception and find jurisdiction to hear his APA claim; the Court is not so empowered to ignore jurisdictional precedent. Therefore, Abbas's statutory claims are dismissed for lack of subject matter jurisdiction.

**C. The Court Has Jurisdiction Over Abbas's Constitutional Claims.**

As an alternative to his APA claim, Abbas makes due process claims that the Court interprets to be made under 42 U.S.C. § 1983. Defendants argue that Abbas's due process claims lack jurisdiction because Abbas does not assert a protected property interest and he is not allowed to "cloak a discretionary review in constitutional garb." The Court disagrees and finds subject matter jurisdiction over Abbas's due process claims.

"The Court retains jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Hassan*, 593 F.3d at 789 (quoting *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003) (internal quotations omitted); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001). A due process claim requires a constitutionally protected interest. *Bd. Of Regents of State Colls. V. Roth*, 408 U.S. 564, 569 (1972). The right to apply for citizenship is a constitutionally protected interest when established by federal law. *Brown* 763 F.3d at 1147-48.

Abbas alleges that he was deprived of his constitutionally protected right to apply for status adjustment because defendants issued unclear instructions and failed to answer his requests for clarification. The Court has jurisdiction to hear Abbas's due process claim because federal law created the DIVP through which Abbas obtained the right to apply for status adjustment. *See* 8 U.S.C. § 1153(c). Thus, defendant's argument that Abbas does not assert a valid property interest fails.

However, an alleged constitutional violation must also be "colorable" in order to attain jurisdiction. *Id.* (referencing *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001)). Defendants cite *Torres*, 246 F.3d at 1271, for the proposition that Abbas is merely seeking review of discretion by asserting a due process violation and thus, his claim is not "colorable." In *Torres*, plaintiff was denied jurisdiction based on his allegation that his

Case No. 17-cv-05668-NC    7

1  application was improperly denied due to an errant finding by the immigration judge. *Id.*
2  Here, the situation is different; Abbas alleges that he was completely denied the
3  opportunity to apply because of the instructions issued. The plaintiff in *Torres* had a full
4  opportunity to apply where Abbas did not. Likewise, where the plaintiff in *Torres* was
5  seeking review of discretion in "constitutional garb," Abbas is plainly alleging that he was
6  deprived of due process. Thus, defendant's argument that Abbas's claim is not "colorable"
7  because he is merely "cloaking" a discretionary review fails.

The Court also finds that Abbas's claim is distinguished from *Hassan*, 593 F.3d at 789. In *Hassan*, plaintiff alleged a due process violation based on immigration agents failing to fully comply with agency regulations. *Id.* Here, the situation is different again and "colorable"; Abbas is challenging that the agency rules themselves deprived him of due process, not merely agents' failure to comply with those rules. Therefore, the Court has subject matter jurisdiction to hear Abbas's due process claims.

### D. Abbas's Claim is Dismissed on 12(b)(6) Grounds.

Defendants stake their motion to dismiss purely on the jurisdictional issue; they do not alternatively request dismissal for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Nevertheless, the Court finds Abbas's claim facially implausible and dismisses the complaint with prejudice.

An immigration proceeding violates due process if it is "so fundamentally unfair" that it prevents an applicant from reasonably presenting his case. *Sanchez*, 255 F.3d at 779. Courts must consider "immigration proceedings as a whole" when evaluating due process challenges. *Zahedi v. INS*, 222 F.3d 1157, 1164 n.6 (9th Cir. 2000). The Court need not insist that the immigration scheme is perfect, or even the best scheme. *De Los Santos v. INS*, 690 F.2d 56, 60 (2nd Cir. 1982). Administrative agencies are given great latitude in crafting rules "absent constitutional constraints." *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 543 (1978).

Even construing the facts liberally in Abbas's favor, his claim falls short of a violation of his due process rights because defendants did not issue instructions that were

Case No. 17-cv-05668-NC    8

"so fundamentally unfair" such that Abbas was deprived of his right to apply for status adjustment. By his own admission, Abbas understood that USCIS requested receipt of the $330 fee payable to the U.S. Department of State. Dkt. No. 1 at 5. Abbas decided that the request must be a mistake based on his own interpretation of an instruction found on the USCIS website and a conclusion that the request for evidence was "boilerplate" and therefore prone to mistake. Dkt. No. 1 at 6. The Court recognizes that Mr. Abbas is in an awful situation, but Abbas cannot plausibly claim that he was not notified of the required $330 fee.

Furthermore, Abbas's claim that defendants shirked a duty to respond to his requests for clarification is baseless. Abbas did not allege that defendants ever communicated that they would respond to requests for clarification, nor did he allege that it is USCIS policy to respond to requests for clarification. However, even if he did, precedent makes quite clear that failure to follow agency rules is not grounds for a constitutional claim. *See Hassan*, 593 F.3d at 789.

Abbas's due process claim is "colorable" in the abstract, his plight is unfortunate, but the Court finds no factual basis to sustain his claim any further. Therefore, the Court dismisses this claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED on Abbas's statutory claims due to lack of subject matter jurisdiction; and GRANTED on the remaining narrow due process claim for failure to state a claim under Fed. R. Civ. P. 8(a). Therefore, this action is DISMISSED in its entirety, with prejudice.

**IT IS SO ORDERED.**

Dated: June 22, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-05668-NC            9